IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRISCILLA P. JAMES,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 07-4052-JAR |
| | ) |
| **PHILIPS LIGHTING COMPANY,** | ) |
| A Division of **PHILIPS ELECTRONICS** | ) |
| **NORTH AMERICA CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## PROTECTIVE ORDER

It is stipulated and agreed by counsel for the parties to this action that the terms and conditions of this Stipulated Protective Order shall be applicable to, and govern, documents and information specifically identified below.

Plaintiff alleges race discrimination and retaliation in this case and seeks compensatory and punitive damages. Accordingly, Plaintiff is expected to request documents and information regarding Defendant's operations, personnel records, policies and Defendant's financial condition that are proprietary, confidential and considered to be trade secrets. Defendant is expected to request documents and information regarding Plaintiff's personal, financial, medical, educational and mental condition. Defendant considers its proprietary information, trade secrets and employment records to be private and/or confidential. Plaintiff considers her personal information to be private and/or confidential. The purpose of this Stipulated Protective Order is to prevent and/or limit the disclosure of documents and information the parties appropriately deem confidential.

For good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1

**1.     Designations of "CONFIDENTIAL" Materials.**  Plaintiff shall have the right to designate as "CONFIDENTIAL" any document or information she believes, in good faith, relates to Plaintiff's financial, medical, educational and mental condition.  Defendant shall have the right to designate as "CONFIDENTIAL" records regarding non-parties, proprietary and confidential economic information, and such other similar information it deems to be confidential or proprietary.

**2.     Restriction on Disclosure of Designated Materials.**  No information or things designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Order.  No person shall use any material designated "CONFIDENTIAL" for any purpose other than to assist counsel of record in the preparation and trial of this action.  No copies of designated materials shall be made except by or on behalf of counsel of record for the parties to this Order.

**3.     Marking of Designated Materials.**  Documents that the parties reasonably believe are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking, on each page of the document, or, if the document consists of multiple pages that are bound together, by marking the first page of such bound document as "CONFIDENTIAL."  All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party.  If such documents have already been produced to the other party, the party producing such documents shall notify the other party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated

"CONFIDENTIAL." The initial failure to designate information in accordance with this Stipulated Protective Order shall not preclude the producing party, at a later date, from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

**4.     Access to "CONFIDENTIAL" Materials.**     Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

   a.   Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel;

   b.   Any person not employed by a party who is expressly retained by a party to this Order, or any attorney described in paragraph 4(a), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

   c.   Court reporters and any person who is author or recipient of the confidential materials of whom testimony is taken, except that such persons may be shown copies of "CONFIDENTIAL" materials only during such testimony and may not retain any "CONFIDENTIAL" materials or copies thereof;

   d.   The Court or its staff in connection with the Court's administration and

    adjudication of this action, and any individual retained by the parties for purposes of mediating or otherwise adjudicating Plaintiff's claims.  All proceedings involving this Order shall be subject to the Order; and

  e. Defendant's officers, directors, and employees.

**5.** **<u>Undertaking of Persons Receiving Designated Materials.</u>** In no event shall any material designated "CONFIDENTIAL" be disclosed to any person, except those described in paragraphs 4(a), (c), (d), and (e), until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Order and agrees to be bound thereby.  In the event of depositions of third party witnesses at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A. Unless such a declaration is obtained, or a court order allowing disclosure is made, "CONFIDENTIAL" information shall not be disclosed to the deponent.  Likewise, disclosures to individuals under paragraph 4(b) above may only be made after such individuals execute a written declaration in the form attached hereto as Exhibit A. Counsel of record shall be responsible for maintaining a file of all such declarations.  The signed declarations shall be available for inspection by this Court upon good cause shown by opposing counsel.

**6.** **<u>Limitations Upon the Scope of Order.</u>** Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."  This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, this litigation.

**7.** **<u>Return of Designated Materials.</u>** Upon final adjudication (including any appellate

proceedings) of the claims at issue in this action, or upon such earlier order as the Court may enter pursuant to a duly noticed motion and hearing, either party, or both parties, may move the Court for its Order requiring the Clerk of the Court to return to the parties all materials designated "CONFIDENTIAL" that have been filed with the Court.

8.      **Breach of This Order.**  Breach of this Order may be punished by the contempt powers of the Court and also give rise to a civil cause of action.  Pursuant to the agreement of the parties to this matter, reasonable attorneys' fees and other litigation costs shall be awarded to the prevailing party in any proceeding arising out of the breach of the confidentiality provisions of this Order.

9.      **Duration of Order.**  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

10.     **Filing Confidential Documents with the Court.**  In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

   IT IS SO ORDERED.

          Dated this 16th day of July, 2007, at Topeka, Kansas.

                                          s/ K. Gary Sebelius
                                          K. Gary Sebelius
                                          U. S. Magistrate Judge

---

[1]*See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PRISCILLA P. JAMES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 07-4052-JAR-KGS |
| | ) | |
| **PHILIPS LIGHTING COMPANY,** | ) | |
| **A Division of PHILIPS ELECTRONICS** | ) | |
| **NORTH AMERICA CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under a Stipulated Protective Order of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such Stipulated Protective Order.

I further state that I (i) have been given a copy of, and have read, the Stipulated Protective Order; (ii) am familiar with the terms of the Stipulated Protective Order; (iii) agree to comply with, and to be bound by, each of the terms thereof; and (iv) agree to hold in confidence any information disclosed to me pursuant to the terms of the Stipulated Protective Order.

To assure compliance with the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the limited purpose of participating in any proceedings relating to performance under, compliance with, or violation of this Stipulated Protective Order.

I understand that: (i) I am to retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Stipulated Protective Order; (ii) I will make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Stipulated Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Name: _____

Date: _____